# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GERALD A. LASSON, | : | |
| Plaintiff, | : | Case No. 3:07cv0271 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| BRANNON & ASSOCIATES ATTORNEYS AT LAW, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

In July 2007, Plaintiff Gerald A. Lasson filed a *pro se* Complaint naming more than forty defendants and raising four main counts, some of which contain several claims. The Complaint claims that the defendants violated his rights under the United States Constitution. (Doc. #1 at 9-10). The Complaint also identifies many more claims under a variety of headings such as contract interference, breach of contract, fraud, civil conspiracy, RICO, intentional infliction of emotional distress, and others. *Id*. at 6-12. The Complaint lists more than forty defendants including – but not limited to – certain attorneys and other persons connected with Brannon & Associates, Attorneys at Law

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

("the Brannon Defendants").

Plaintiff has not sought leave to proceed *in forma pauperis* under 28 U.S.C. §1915, and he has therefore litigated this case at his own expense. The case is presently before the Court upon the Brannon Defendants' Motions to Dismiss (Doc. # 4, 5, 11), the Brannon Defendants' Motion for Sanctions (Doc. #6), Plaintiff's Response in Opposition (Doc. #8), and the record as a whole.

## II. INSUFFICIENT SERVICE

The Brannon Defendants contend, in part, that Plaintiff's Complaint must be dismissed because his method of serving them – by fax transmission – did not constitute effective service of summons and the Complaint. The Brannon Defendants have not waived service.

Plaintiff acknowledges, "No defendants ... have opted to save service costs by accepting fax service...." (Doc. #8 at 1). Plaintiff contends that dismissal of his Complaint for lack of service is unwarranted, and he has recently filed a Motion to Extend/Enlarge Service Time seeking an additional sixty days to effect service. (Doc. #10). He explains, "There has not been one defendant, nor their attorneys, who has acknowledged receipt of this action per ... [Fed. R. Civ. P. 4(d)] to save costs per that rule. Apparently that is the rave lately, along with the immediate motion to dismiss, per some of GAL's [Plaintiff's] attorney consultants...." (Doc. #10 at 1).

Rule 4(m) of the Federal Rules of Civil Procedure provides in part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own initiative after notice to the plaintiff – shall dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999)(original italics).  Indeed, absent either waiver or proper service, this Court does not have personal jurisdiction over the named defendant.  *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)(and cases cited therein).

Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made.  *See Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999); *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980).

Although this Court prefers to adjudicate cases on their merits, Plaintiff has failed to effect service of process upon any of the named defendants within 120 days after filing his Complaint as required in the Rule 4(m) rules.  He acknowledges that the Brannon Defendants did not waive service or accept service by fax.  Once Plaintiff learned this by way of the Brannon Defendants' Motion to Dismiss, *see* Doc. #5 at 18, he was fairly alerted to a problem with his service attempt.  Yet he tried no other service method before the 120-day service period expired.   He has also filed no document containing evidence

that he timely and effectively served any of the named defendants. For all these reasons, Plaintiff has not met his burden to effectively and timely serve defendants, and in further consequence, this Court lacks personal jurisdiction over all defendants listed in his Complaint. *See Byrd*, 94 F.3d at 219-20; *see also Friedman*, 929 F.2d at 1156 (and cases cited therein). Dismissal of the Complaint is therefore mandatory unless Plaintiff shows good cause for granting his Motion to Extend the 120-day service period. *See* Fed. R. Civ. P. 4(m).

Construing Plaintiff's explanations in his favor, he attempts to show cause for an extension of the service period due to his financial status and/or his goal of reducing his expense of litigating this case. These explanations fail to establish good cause for extending the service deadline because Plaintiff is not proceeding *in forma pauperis* due to indigency, and because he has not otherwise presented evidence indicating that indigency caused his service problems. Without *in forma pauperis* status, or some showing of a financial or other hurdle to his ability to effect timely service – which he has not presented – Plaintiff has not met his burden of showing good cause to extend the 120-day deadline. Dismissal of his Complaint is therefore mandatory under Rule 4(m).

Accordingly, Defendants' Motions to Dismiss due to insufficient service is well taken and should be granted pursuant to Fed. R. Civ. P. 12(b)(5).

### III.   SANCTIONS ARE WARRANTED

The Brannon Defendants contend that monetary and non-monetary sanctions should be imposed on Plaintiff under Fed. R. Civ. P. 11. Plaintiff contends otherwise. *See* Doc. #8.

The Brannon Defendants' Motions and Memoranda, and their attached Exhibits detail the parties' contentious history of litigation in the Ohio courts. *See* Doc. #6 (and attached Exhibits); *see also* Doc. #11. The Brannon Defendants emphasize that Plaintiff has been deemed to be a frivolous litigator in state court and has been sanctioned in that forum. The Brannon Defendants rely on many Exhibits including copies of state court decisions levying monetary sanction upon Plaintiff. Similar sanctions are warranted in this case, according to the Brannon Defendants. *See* Doc. #6.

Rule 11 applies to attorneys and parties, including pro se litigants. *See* Fed. R. Civ. P. 11(a), (b). "In this Circuit, the test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was 'reasonable under the circumstances.'" *Salkil v. Mount Sterling Tp. Police Dept.*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting in part *Ridder v. City of Springfield*, 109 F.3d 288, 293, 298 (6th Cir. 1997)).

Plaintiff's conduct in this case included filing his Complaint, attempting service by fax, responding to the Brannon Defendants' Motion to Dismiss, filing a Motion to Extend the service deadline (after the 120-day service period ended), and attempting to serve discovery requests on the Brannon Defendants. Viewing such conduct on the surface seems to reveal instances of merely typical litigation conduct. Yet, there is more going on

here.

Plaintiff previously filed a similar case in this Court, but he failed to effect timely service and otherwise failed to prosecute that case. These failures led the Court to dismiss his prior case. *See Affordable Best Homes, d.b.a. Gerald A. Lasson v. Huntington National Bank*, 3:03cv051 (S.D. Ohio) (Rice, D.J.). By itself, the existence of Plaintiff's prior similar case in this Court does not awaken Rule 11 in the present case. The Brannon Defendants, however, have further described Plaintiff's conduct and the resulting sanctions imposed upon him during prior litigation in the Ohio courts. They support their descriptions with copies of pertinent state-court decisions – which constitute public records – confirming both his status as a vexatious litigator in those courts and a resulting sanction imposed upon him. Again, however, such prior conduct sheds little light on whether Plaintiff's conduct in filing and pursuing this case violated Rule 11.

Plaintiff contends that he is not a vexatious or frivolous litigator, but he has not specifically challenged the authenticity of the public records submitted by the Brannon Defendants. *See* Doc. #8. In this situation, the Court may rely on the authenticity of those public records and may take notice of the adjudicative facts they illuminate. *See* Fed. R. Evid. 201(a), (b). Those records establish not only that Plaintiff engaged in vexatious and sanctionable conduct in state court but also – and critically for the present case – that Plaintiff's state cases involving the same matters at issue in the present case. *See* Doc. 6 (and attached Exhibits).

Given Plaintiff's historical misconduct in state court concerning the same

underlying matters he raises in the present case, it becomes apparent that he lacked a reasonable basis in law for filing the instant case in this Court. There also emerges a strong likelihood that his act of filing his present Complaint constitutes an effort to harass at least some of the named defendants concerning matters previously resolved against him in the state courts, thus constituting an abuse of the judicial process. That strong likelihood becomes a reality given the presence of two additional circumstances: First, Plaintiff previously failed to effect timely service in the prior federal case he filed in this Court (mentioned above), a case concerning the same underlying matters he raises in this case. *See Affordable Best Homes, d.b.a. Gerald A. Lasson v. Huntington National Bank*, 3:03cv051 (S.D. Ohio) (Rice, D.J.). His same failure in this case – along with the state courts' rulings against him concerning the same underlying disputes – tend to show that he filed his prior federal case for harassment purposes rather than as an attempt to raise claims with a reasonable basis in law or fact.

Second, Plaintiff's Complaint in this case can be fairly characterized as a "shotgun" pleading. Estimating conservatively, the Complaint raises 160 claims (40 defendants x 4 Counts = 160 claims). Estimating more broadly – by counting the individual claims asserted within each Count – the Complaint raises 480 claims (12 claims x 40 defendants = 480 claims). These estimates do not include Plaintiff's assertion of a claim based on "Class Action (or joinder as an alternative)..." (Doc. #1 at 10), or his incorporation into each Count "the allegations of each and every preceding paragraph of the complaint as if fully rewritten here...." *Id*. at ¶29 (for example). This method of

pleading is harmful to the judicial process: "Where ... each count incorporates every antecedent allegation by reference, the defendant's affirmative defenses are not likely to respond to a particular cause of action but, instead, to the complaint as a whole. Such disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery. Hence, discovery disputes are inevitable...." *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001). Shotgun pleadings have additional negative impacts:

> Litigating a case framed by shotgun pleadings obviously harms one or both of the parties... Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims.... Extortion cuts both ways. Depending on his financial resources, a defendant may use a shotgun answer to obtain a settlement that waters down a meritorious claim....
>
> In addition to watering down the rights of the parties to have valid claims litigated efficiently – whether the plaintiff's or the defendant's – shotgun pleadings wreak havoc on the judicial system. Cases framed by shotgun pleadings consume an inordinate amount of a court's time. As a result, justice is delayed, if not denied, for litigants who are standing the queue waiting to be heard. Their impressions of the court's ability to take care of its business can hardly be favorable. As the public becomes aware of the harm suffered by the victims of shotgun pleading, it, too, cannot help but lose respect for the system.

*Byrne*, 261 F.3d at 1129 (footnotes omitted).

In the present case, concern over these negative impacts exists because Plaintiff frames his Complaint in a shotgun manner, even though he appears from his experience to be – if not a fairly experienced litigator – a litigator who at least knows well the sting of sanctions for filing frivolous or vexatious materials. Rule 11 sanctions are therefore warranted since Plaintiff's conduct in bringing this case was unreasonable "under the

circumstances," *Salkil*, 458 F.3d at 528. Building one upon another, not viewed in isolation, these circumstances include: Plaintiff's vexatious conduct and the resulting sanctions he received in the state courts in a case involving the same underlying matters he seeks to re-litigate in the present case; his Complaint in this case is fairly characterized as a shotgun pleading because it contains at least 160 claims and perhaps as many as 480 claims; his failure to timely serve or prosecute the prior federal case he filed in this Court – which, again, concerned the same underlying matters as his present case; his failure to pursue methods of service other than by fax during Rule 4(m)'s 120-day period, especially after learning that the Brannon Defendants neither waived service nor accepted service by fax; and his failure to attempt to serve any of the other defendants within the time mandated by Rule 4(m).

      Turning to the type of sanction, the Brannon Defendants seek a monetary sanction in the amount of their attorney fees. They, however, have not indicated the specific amount of attorney fees they seek, and as a result, a monetary sanction at this time is not warranted. In addition, if this Report and its Recommendations are fully adopted, Plaintiff should be placed on notice that monetary sanctions in the form of attorney fees incurred in this case will be imposed under Rule 11 if he engages in future filings that are unreasonable under the circumstances, such as, for example, filing another Complaint in this Court concerning matters previously resolved in state courts.

      In addition, Rule 11's ultimate goal of deterrence will be sufficiently advanced in the present case by imposing two non-monetary sanctions on Plaintiff: First, this case

should be dismissed with prejudice; and second, any future Complaint Plaintiff seeks to file in this Court should be subject to initial judicial review to determine if he seeks to re-litigate the same disputes underlying this case and/or to determine if it raises frivolous claims. In the event that he does, monetary sanctions should be imposed.

Accordingly, Defendants' Motion for Sanctions is well taken.

### IT IS THEREFORE RECOMMENDED THAT

1. Defendants' Motions to Dismiss (Doc. #5, 11) due to insufficient service be GRANTED;

2. Plaintiff's Motion to Extend/Enlarge Service Time (Doc. #10) be DENIED;

3. Plaintiff's Complaint be DISMISSED with prejudice and subject to the additional sanction set forth herein; and

4. The case be terminated on the docket of this Court.

January 30, 2008                                     s/ Sharon L. Ovington
                                                                               Sharon L. Ovington
                                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).